**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE SECOND   JUDICIAL CIRCUIT,
IN AND FOR LEON   COUNTY, FLORIDA

COURTNEY WINGATE
Plaintiff

Case # __2021 CA 000945__

Judge _____

vs.

CONTINUUM GLOBAL SOLUTIONS LLC
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox          Fla. Bar # 739685
      Attorney or party                  (Bar # if attorney)

Marie A Mattox                  05/24/2021
 (type or print name)                Date

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**COURTNEY WINGATE,**

      **Plaintiff,**

**v.**

**CONTINUUM GLOBAL SOLUTIONS LLC.,**

      **Defendant.**

_____/

**CASE NO.: 21-CA-** 2021 CA 000945
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, COURTNEY WINGATE, hereby sues Defendant, CONTINUUM GLOBAL SOLUTIONS LLC., and alleges:

### NATURE OF THE ACTION

1.    This is an action brought under the Fair Labor Standards Act ("FLSA") codified at 29 U.S.C. §201, *et seq*. and §448.102 *et seq*.

2.    This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3.    At all times pertinent hereto, Plaintiff, COURTNEY WINGATE, has been a resident of the State of Florida and was employed by Defendant.

4.    At all times pertinent hereto, Defendant, CONTINUUM GLOBAL SOLUTIONS LLC., has been a private not for profit organization that has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer under the relevant law, specifically 29 U.S.C. §203(g).

5.      Defendant engaged in an employment relationship with Plainff within the jurisdiction of this Court for all operations.  At all times pertinent hereto, Defendant owned and operated the corporation that is a Defendant in this action.  Defendant purports to offer, among other things, customer care services and call center services.  During Plaintiff's employment with Defendant, Defendant was engaged in interstate commerce, and/or was employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce operated by the Defendant within the meaning of 29 U.S.C. §203(s)(1)(A).

**CONDITIONS PRECEDENT**

6.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

7.      Plaintiff began her employment with Defendant on or around April 1, 2020, and held the position of Customer Service Representative (CSR1) until her unlawful termination on September 11, 2020.

8.      Plaintiff worked from home and since beginning her employment with Defendat has been plagued by technological issues with Defendant's computers related to her work which Defendant has refused to help her with or pay her for her time spent fixing.

9.      Her technology woes becme so bad that she was unable to even login to start work.

10.     Plaintiff sent numerous e-mails to her Supervisor Adam Pulley, who never followed up with her and ignored her requests for help.

11.     Plaintiff has retained countless e-mails going back and forth between her, Supervisor Pulley and HR Representative Wendy Barclay where Defendant has ignored her in her plea for help with the technological problems.

2

12.     Only once Pulley's superiorers asked about Plaintiff not being present on her computer did he finally e-mail Plaintiff, though he did not bring up her numerous unanswered requests. Instead, he threatened to fire her for unexcused absences if she did not provide Defendant with a doctor's note.

13.     Supervisor Pulley also lied to his superior and claimed that Plaintiff had never e-mailed him about her absences due to technological issues and worse still, claimed she had no evidence she had contacted him. Both statements were lies as Plaintiff emailed him seeking help multiple times which she has retained copies of.

14.     Defendant refused to accept or even consider Plaintiff's evidence, took Supervisor Pulley's word as gospel, and unfairly cut Plaintiff's pay despite the fact she was doing tasks for Defedant. Even if Plaintiff was not logged in, she has a right to be compensated for every minute she spent trying to get her technology working, particularly the time spent with Defendant's IT department, which Defendant has independent means of verifying even without clock-in records.

15.     Plaintiff was able to get her technology issues squared away briefly, but they started happening again, and Defendant has continued to unlawfully cut Plaintiff's pay for hours she has worked for Defendant.

16.     Supervisor Pulley also went into Plaintiff's payroll records and cut her pay on at least two subsequent occasions that Plaintiff is aware of.

17.     Plaintiff went to HR to try and get help for the stolen hours, she reported wage and hour theft, and that she was only unable to work because of technology issues which she spent hours at a time with Defendant's IT trying to resolve. Her complaints fell on deaf ears and HR said there was nothing it could do to help and worse still, disclosed Plaintiff's reporting to Supervisor

3

Pulley. Plaintiff now fears retaliation from Pulley for her reporting, he is already blatantly lying about easily refutable communication, Plaintiff's time spent working, etc, who knows what he will do now that he knows Palintiff reported him.

18.     Defendant hired Plaintiff to perform services using its platform, She does not control whether Defendant's platfom functions properly and any issues caused by Defendant's faulty process, policiey, or equipment should be bared by Defendant as Plaintiff was ready, willing, and able to work.

19.     Defendant's has failed to pay Plaintiff the federal minimum wage for every cpompensable work performed as outlined in part above.

20.     On or around September 11, 2020, Defendant terminated Plaintiff because Defendant's hardware continued to malfunction, which Defendant failed to fix despite Plaintiff's requeste, and because she was unable to clock in to work because of said problems and lack of resolution.

21.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

22.     Paragraphs 1 through 21 above are re-alleged and incorporated herein by reference.

23.     This is an action against Defendant under 29 U.S.C. §201 et seq.

24.     At all pertinent times, Plaintiff was an employee of Defendant.

4

25.     As set forth in part above, Defendant failed to pay Plaintiff at least the required federal minimum wage rate for every compensable hour of labor performed, in violation of the FLSA.

26.     Further, and also as set forth in part above, Defendant failed to pay Plaintiff at the required rate of one and one-half times a rate greater than or equal to minimum wage for every compensable hour of labor performed beyond 40 in each week in which Plaintiff worked in excess of 40 compensable hours.

27.     The violations set forth in this count resulted, in whole or in part, from Defendant's failure to credit and pay Plaintiff for all compensable time worked.  Defendant's violations were willful, intentional, and systemic.

28.     As a result of Defendant's violations of the FLSA set forth herein, Plaintiff is entitled to recover the amount of unpaid wages, both at a regular wage no less than minimum wage and for hours in excess of 40 at a rate of one and one-half times that wage, and an equal amount as liquidated damages.  Over and above such sums, Plaintiff is entitled to a compensatory award for damages suffered, including lost benefits and other tangible damages, emotional pain and suffering damages, loss of the capacity for the enjoyment of life and other intangible damages.  These losses have occurred in the past, are occurring at present and are certain to occur into the future.  Plaintiff is also entitled to costs and attorney's fees under the FLSA.

## COUNT II
## PRIVATE WHISTLEBLOWER RETALIATION

29.     Paragraphs 1 through 21 are incorporated herein by reference.

30.     This is an action brought under §448.101, *et seq*., Florida Statutes.

5

31.     As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in actual or suspected violation of laws, rules and/or regulations.

32.     As a result of Plaintiff' objections, Defendant initiated adverse employment actions against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations of wrongdoing and then termination after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

33.     Plaintiff was terminated because she engaged in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in actual or suspected violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

34.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

35.     As a direct and proximate cause of Plaintiff's participation in the whistle blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day.   Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)      that process issue and this Court take jurisdiction over this case;

(b)  that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)  enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)  enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)  enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)  award Plaintiff interest and liquidated damages where appropriate; and

(g)  grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 23rd day of May 2021.

Respectfully submitted,

<u>/s/ Marie A. Mattox</u>
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
marlene@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

7

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA**

**COURTNEY WINGATE,**                          **CASE NO.: 21-CA-** 2021 CA 000945
                                              **FLA BAR NO.: 0739685**
        **Plaintiff,**

**v.**

**CONTINUUM GLOBAL SOLUTIONS LLC.,**

        **Defendant.**                         **SUMMONS**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

**CONTINUUM GLOBAL SOLUTIONS LLC
c/o RONALD GILLETTE-CHIEF EXECUTIVE OFFICER
3824 Cedar Springs Road #801-1678
Dallas, TX 75219**

        Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

        DATED on _____, 2021.



CLERK OF THE CIRCUIT COURT

By: _____  05/26/2021
Deputy Clerk



# LEON COUNTY Receipt of Transaction
## Receipt #     1572806

GWEN MARSHALL
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A. Mattox
203 North Gadsden Street
Tallahassee, FL  32301

**On Behalf Of:**

On: 5/26/2021  4:39:24PM
Transaction # 100835361
Cashiered by: L WILLIAMS

,

| CaseNumber   2021 CA 000945 |
| --- |

**Judge**   JOHN C COOPER

**COURTNEY WINGATE   *VS*   CONTINUUM GLOBAL SOLUTIONS LLC**

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
| --- | --- | --- | --- | --- | --- | --- |
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |
| **Grand Total:** | **410.00** | **0.00** | **0.00** | **410.00** | **410.00** | **0.00** |

| PAYMENTS |
| --- |

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| CREDIT CARD EFILE | 127437195 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | **Payments Total:** | | **410.00** | **0.00** | **0.00** | **0.00** | **410.00** |

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, FLORIDA

Courtney Wingate,                                   CASE NO: 2021-CA-945

     Plaintiff,                                   CIVIL DIVISION

vs.

Continuum Global Solutions, LLC.,

     Defendant.
_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21-04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

## I. PROJECTED TRIAL DATE

All **COUNTY COURT Civil cases** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT Civil cases** for which the complaint **does not demand trial by jury** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

All **CIRCUIT COURT Civil cases** for which the **complaint demands trial by jury** are **GENERAL CASES** with a projected trial date of **540 days** from the date of filing of the complaint.

**A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party.** Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties **must file a *Joint* Notice** that the Cause is at Issue **no later than 15 days after the pleadings are closed.** In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for *Streamlined* Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing:  Service of Complaints
150 days after filing:  Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing:  Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing:  Completion of Fact and Expert Discovery
270 days after filing:  Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for *General* Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing:  Service of Complaints
180 days after filing:  Service under any Extension of Time
210 days after filing:  Adding New Parties
270 days after filing:  Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing:  Completion of Fact and Expert Discovery
450 days after filing:  Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including:  an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial *shall* be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology.  Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial *may* be conducted by audio-video technology.  Each

judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

      DONE AND ORDERED in Tallahassee, Leon County, Florida on this 9th day of May, 2021.

 

                                      John C. Cooper
                                      Circuit Judge


Copies to:

All Counsel of Record

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail.  The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# AFFIDAVIT OF PROCESS SERVER

Job # T213516

**Client Info:**

MARIE MATTOX, PA
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| COURTNEY WINGATE | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2021 CA 000945** |
| CONTINUUM GLOBAL SOLUTIONS LLC. | |

**Service Info:**

**Date Received: 7/12/2021** at 09:32 AM
**Service:** I Served **CONTINUUM GLOBAL SOLUTIONS, LLC c/o RONALD GILLETTE - CHIEF EXECUTIVE OFFICER**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT; SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**
by leaving with **Kennedy Duval, AUTHORIZED TO ACCEPT**

**At Residence 44 SCHOOL ST # 505 BOSTON, MA 02108**
On **7/23/2021** at 01:30 PM
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Served Description: (Approx)**

Age: **25-30**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 8"**, Weight: **125**, Hair: **Blonde** Glasses: **No**

I John Roberto certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.

Signature of Server:
**John Roberto**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T213516**

SUBSCRIBED AND SWORN to before me this _27th_ day of _July 2021_, by _John Roberto_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[X] physical presence [___] online presence.

NOTARY PUBLIC for the state of Massachusetts

LYNN C. DEWSNAP
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 01/08/2027




1 of 1

# AFFIDAVIT OF PROCESS SERVER

Job # T213516

**Client Info:**

MARIE MATTOX, PA
203 NORTH GADSDEN STREET
Tallahassee, FL 32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| COURTNEY WINGATE | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2021 CA 000945** |
| CONTINUUM GLOBAL SOLUTIONS LLC. | |

**Service Info:**

**Date Received:** 7/12/2021 at 09:32 AM
**Service:** I Served **CONTINUUM GLOBAL SOLUTIONS, LLC c/o RONALD GILLETTE - CHIEF EXECUTIVE OFFICER**
With: **SUMMONS; COMPLAINT; UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT;**
**SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER**
by leaving with **Kennedy Duval, AUTHORIZED TO ACCEPT**

**At Residence 44 SCHOOL ST # 505 BOSTON, MA 02108**
On 7/23/2021 at 01:30 PM
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

**Served Description: (Approx)**

Age: **25-30**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 8"**, Weight: **125**, Hair: **Blonde** Glasses: **No**

I John Roberto certify that I am over the age of 18, have no interest in the above action, and I am authorized in the jurisdiction in which this service was made.

Signature of Server:
**John Roberto**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T213516**

SUBSCRIBED AND SWORN to before me this _____27th_____ day of ___July 2021___, by ___John Roberto___
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me by:
[X] physical presence [___] online presence.

NOTARY PUBLIC for the state of Massachusetts

LYNN C. DEWSNAP
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 01/08/2027


